Jeanna M. Wacker (*pro hac vice* to be filed)
jeanna.wacker@kirkland.com
Christopher Jagoe (*pro hac vice* to be filed)
christopher.jagoe@kirkland.com
Sam Kwon (*pro hac vice* to be filed)
sam.kwon@kirkland.com
Christopher Ilardi (*pro hac vice* to be filed)
chris.ilardi@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-4900

Yan-Xin Li (SBN 332329)
yanxin.li@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel. (415) 439-1400
Fax (415) 439-1500

*Counsel for Plaintiff*
*Bristol-Myers Squibb Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HANDA ONCOLOGY, LLC,<br><br>Defendant. | C.A. NO. 5:22-CV-6968<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO. 5:22-CV-6968

Plaintiff, Bristol-Myers Squibb Company, by its undersigned attorneys, for its Complaint against Defendant, Handa Oncology, LLC, hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant Handa Oncology, LLC's submission of a New Drug Application ("NDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiff's SPRYCEL® (dasatinib) tablets prior to the expiration of United States Patent Nos. 7,491,725 and 8,680,103.

**THE PARTIES**

2. Plaintiff Bristol-Myers Squibb Company ("Plaintiff" or "BMS") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

3. On information and belief, Defendant Handa Oncology, LLC ("Defendant" or "Handa") is a limited liability company organized and existing under the laws of California, having a principal place of business at 2025 Gateway Place, Suite 480, San Jose, California 95110.

4. On information and belief, Handa is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of California, through its own actions and through the actions of its partners, agents and/or subsidiaries.

5. On information and belief, Handa is listed as the applicant of NDA No. 217058 (the "Handa NDA") and has sent notice to BMS stating that Handa included a certification in the Handa NDA, pursuant to 21 U.S.C. § 355(b)(2)(A)(IV).

6. On information and belief, Handa prepared and submitted the Handa NDA for Handa's 20 mg, 50 mg, 70 mg, 80 mg, 100 mg, and 140 mg dasatinib capsules ("Handa NDA Products").

7. On information and belief, Handa prepared and submitted the Handa NDA for Handa NDA Products, which was done for the direct benefit of Handa.

8. On information and belief, following FDA approval of the Handa NDA, Handa, through its own actions and through the actions of its partners, agents and/or subsidiaries, will manufacture, supply, market, and sell the approved generic product throughout the United States, including California.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this Court as to Handa because, among other things, Handa is incorporated in the State of California and therefore "resides" in this judicial district and/or has committed acts of infringement in this district and has a regular and established place of business in this district. 28 U.S.C. § 1400(b).

## DIVISIONAL ASSIGNMENT

11. This is an action for patent infringement, where a substantial part of the events or omissions that give rise to the claims have taken place in and where a substantial part of the property that is subject to the action is situated in Santa Clara County. Thus, pursuant to Civil L.R. 3-2(c) and (e), this action should be assigned to the San Jose Division.

## PERSONAL JURISDICTION OVER HANDA

12. Plaintiff realleges paragraphs 1–11 as if fully set forth herein.

13. On information and belief, Handa develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

14. This Court has personal jurisdiction over Handa because, *inter alia*, Handa, on information and belief: (1) is incorporated under the laws of the State of California; (2) has its principal place of business in this State; and (3) intends to market, sell, or distribute Handa NDA Products to residents of this State.

## BACKGROUND

### U.S. PATENT NO. 7,491,725

15. On February 17, 2009, the United States Patent & Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,491,725 ("the '725 patent") entitled "Process for preparing 2-

aminothiazole-5-aromatic carboxamides as kinase inhibitors" to inventors Jean Lajeunesse, John D. DiMarco, Michael Galella, and Ramakrishnan Chidambaram. A true and correct copy of the '725 patent is attached as Exhibit 1. The '725 patent is assigned to BMS.

**U.S. PATENT NO. 8,680,103**

16.    On March 25, 2014, the USPTO duly and legally issued United States Patent No. 8,680,103 ("the '103 patent") entitled "Process for preparing 2-aminothiazole-5-aromatic carboxamides as kinase inhibitors" to inventors Jean Lajeunesse, John D. DiMarco, Michael Galella, and Ramakrishnan Chidambaram. A true and correct copy of the '103 patent is attached as Exhibit 2. The '103 patent is assigned to BMS.

**SPRYCEL®**

17.    BMS is the holder of New Drug Application No. 029186 for dasatinib, for oral use, in 20 mg, 50 mg, 70 mg, 80 mg, 100 mg, and 140 mg dosages, which is sold under the trade name SPRYCEL®.

18.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '725 and '103 patents are among the patents listed in the Orange Book with respect to SPRYCEL®.

19.    The '725 and '103 patents cover the SPRYCEL® product.

**ADDITIONAL FACTS ESTABLISHING INFRINGEMENT**

20.    On information and belief, ████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████. On information and belief, ████████████████████████████████████████████████

21.    On information and belief, ███████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████ On information and belief, ████████ ████████████████████████████████████ On information and belief, █ ████████████████████████████████████ On information and belief, █ ███████████████████████████████████████████████████████████████████ ██████████████████████████

22. On information and belief, ████████████████████████████████████ ████████████████████████████████████ On information and belief, █ ████████████████████████████████████ ████████████████████

23. On information and belief, ████████████████████████ ████████████████████████████████████ ████ On information and belief, ████████████████████ ████████████████████████████

24. ████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████

25. ████████████████████████████ ████████████████████████████████

26. On information and belief, ████████████████████ ████████████████████████████

27. Provided here as a representative claim for exemplary purposes, claim 3 of the '725 patent recites:

Crystalline monohydrate of the compound of formula (IV)

(IV)

which is characterized by an x-ray powder diffraction pattern (CuKα γ =1.5418 Å at a temperature of about 23° C.) comprising four or more 2θ values selected from the group

consisting of: 18.0±0.2, 18.4±0.2, 19.2±0.2, 19.6±0.2, 21.2±0.2, 24.5±0.2, 25.9±0.2, and 28.0±0.2.

28.    Provided here as a representative claim for exemplary purposes, claim 12 of the '725 patent recites:

Crystalline monohydrate of the compound of formula (IV)

(IV)

which is characterized by a differential scanning calorimetry having a broad peak between approximately 95° C. and 130° C. which corresponds to the loss of one water of hydration on thermogravitmetric analysis.

29.    Likewise, provided here as a representative claim for exemplary purposes, claim 1 of the '103 patent recites:

A pharmaceutical composition comprising, a therapeutically acceptable amount of

(IV)

crystalline monohydrate of the compound of formula (IV)

which is characterized by unit cell parameters approximately equal to the following:

Cell dimensions: a(Å)=13.8632(7);

b(Å)=9.3307(3);

c(Å)=38.390(2);

Volume=4965.9(4)Å$^3$

Space group Pbca

Molecules/unit cell 8

Density (calculated) (g/cm$^3$) 1.354;

and pharmaceutically acceptable carriers, including two or more of, a binder, a diluent, a disintegrant, and/or a lubricant.

30. On information and belief, Handa seeks FDA approval for the Handa NDA, which permits inclusion of crystalline monohydrate of exemplary claims 3 and 12 of the '725 patent in the Handa NDA Products.

31. On information and belief, the Handa NDA Products, when offered for sale, sold, and/or imported, and when used as directed, comprise crystalline monohydrate of exemplary claims 3 and 12 of the '725 patent.

32. On information and belief, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33. On information and belief, ███████████████████████████████████████████████████████████████████████████████████

34. On information and belief, Handa seeks FDA approval for the Handa NDA, which permits the Handa NDA Products to comprise a pharmaceutical composition described in exemplary claim 1 of the '103 patent.

35. On information and belief, the Handa NDA Products, when offered for sale, sold, and/or imported, and when used as directed, comprise a pharmaceutical composition described in exemplary claim 1 of the '103 patent.

## COUNT I—INFRINGEMENT OF THE '725 PATENT

36. Plaintiff realleges paragraphs 1–35 as if fully set forth herein.

37. On information and belief, Handa submitted the Handa NDA to the FDA, pursuant to 21 U.S.C. § 355(b), seeking approval to market the Handa NDA Products.

38.     Handa has represented that the Handa NDA refers to and relies upon the SPRYCEL® NDA, and contains the required bioavailability and/or bioequivalence data and information from studies on the Handa NDA Products.

39.     Plaintiff received a letter from Handa on or about September 26, 2022 stating that Handa had included a certification in the Handa NDA, pursuant to 21 U.S.C. § 355(b)(2)(A)(IV), that, *inter alia*, certain claims of the '725 and '103 patents are either invalid or will not be infringed by the commercial manufacture, use, sale, offer to sell or importation into the United States of the Handa NDA Products (the "Handa Paragraph IV Certification").  Handa intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Handa NDA Products prior to the expiration of the '725 and '103 patents.

40.     Handa has infringed at least one claim of the '725 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Handa NDA, by which Handa seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Handa NDA Products prior to the expiration of the '725 patent.

41.     Handa has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Handa NDA Products in the event that the FDA approves the Handa NDA.  Accordingly, an actual and immediate controversy exists regarding Handa's infringement of the '725 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

42.     Handa's manufacture, use, offer to sell, or sale of the Handa NDA Products in the United States or importation of the Handa NDA Products into the United States during the term of the '725 patent would further infringe, literally or under the doctrine of equivalents, at least one claim of the '725 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

43.     On information and belief, Handa manufacturers the dasatinib drug substance using a process claimed in the '725 patent or an equivalent thereof, which is thereafter imported into the United States, thereby infringing at least one claim of the '725 patent under 35 U.S.C. § 271 (g).

44.     On information and belief, the Handa NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

45.    On information and belief, the use of the Handa NDA Products constitutes a material part of at least one of the claims of the '725 patent; Handa knows that the Handa NDA Products are especially made or adapted for use in infringing at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents; and the Handa NDA Products are not staple articles of commerce or commodity of commerce suitable for substantial noninfringing use.

46.    On information and belief, the offering to sell, sale, and/or importation of the Handa NDA Products would contributorily infringe at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

47.    On information and belief, Handa had knowledge of the '725 patent and, by its promotional activities and package inserts for its NDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

48.    On information and belief, the offering to sell, sale, and/or importation of the Handa NDA Products by Handa would actively induce infringement of at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

49.    Plaintiff will be substantially and irreparably harmed if Handa is not enjoined from infringing the '725 patent.

50.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of BMS's reasonable attorney fees.

51.    On information and belief, based on the information provided by Handa to date, the factual contentions in paragraph 36–50 have evidentiary support.  On information and belief, the factual contentions in paragraphs 36–50 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

## COUNT II—INFRINGEMENT OF THE '103 PATENT

52.    Plaintiff realleges paragraphs 1–51 as if fully set forth herein.

53.    Handa has infringed at least one claim of the '103 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Handa NDA, by which Handa seeks

approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Handa NDA Products prior to the expiration of the '103 patent.

54. Handa has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Handa NDA Products in the event that the FDA approves the Handa NDA. Accordingly, an actual and immediate controversy exists regarding Handa's infringement of the '103 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

55. Handa's manufacture, use, offer to sell, or sale of the Handa NDA Products in the United States or importation of the Handa NDA Products into the United States during the term of the '103 patent would further infringe at least one claim of the '103 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

56. On information and belief, the Handa NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

57. On information and belief, the use of the Handa NDA Products constitutes a material part of at least one of the claims of the '103 patent; Handa knows that the Handa NDA Products are especially made or adapted for use in infringing at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents; and the Handa NDA Products are not staple articles of commerce or commodity of commerce suitable for substantial noninfringing use.

58. On information and belief, the offering to sell, sale, and/or importation of the Handa NDA Products would contributorily infringe at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

59. On information and belief, Handa had knowledge of the '103 patent and, by its promotional activities and package inserts of its NDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

60. On information and belief, the offering to sell, sale, and/or importation of the Handa NDA Products by Handa would actively induce infringement of at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

COMPLAINT FOR PATENT INFRINGEMENT              9                    CASE NO. 5:22-CV-6968

61. Plaintiff will be substantially and irreparably harmed if Handa is not enjoined from infringing the '103 patent.

62. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of BMS's reasonable attorney fees.

63. On information and belief, based on the information provided by Handa to date, the factual contentions in paragraph 52–62 have evidentiary support. On information and belief, the factual contentions in paragraphs 52–62 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Handa and for the following relief:

a. A Judgment be entered that Handa has infringed at least one claim of the '725 patent by submitting the Handa NDA;

b. A Judgment be entered that Handa has infringed at least one claim of the '103 patent by submitting the Handa NDA;

c. A Judgment be entered that this case is exceptional, and that Plaintiff is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

d. That Handa, its officers, agents, partners, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '725 and '103 patents, and (ii) seeking, obtaining, or maintaining approval of NDAs until the expiration of the '725 and '103 patents or such other later time as the Court may determine;

e. A Judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Handa's NDA under § 505(b) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(b)) shall not be earlier than the latest of the expiration dates of the '725 and '103 patents, including any extensions;

f.  That Plaintiff be awarded monetary relief if Handa commercially uses, offers to sell, or sells its respective proposed generic versions of SPRYCEL® or any other product that infringes or induces or contributes to the infringement of the '725 and '103 patents, within the United States, prior to the expiration of those patents, including any extensions, and that any such monetary relief be awarded to Plaintiff with prejudgment interest;

g.  Costs and expenses in this action; and

h.  Such other and further relief as the Court deems just and appropriate.

DATED:  November 7, 2022                      Respectfully submitted,

                                              /s/ Yan-Xin Li

Jeanna M. Wacker (*pro hac vice* to be filed)     Yan-Xin Li (SBN 332329)
jeanna.wacker@kirkland.com                        yanxin.li@kirkland.com
Christopher Jagoe (*pro hac vice* to be filed)    KIRKLAND & ELLIS LLP
christopher.jagoe@kirkland.com                    555 California Street
Sam Kwon (*pro hac vice* to be filed)             San Francisco, CA 94104
sam.kwon@kirkland.com                             Tel. (415) 439-1400
Christopher Ilardi (*pro hac vice* to be filed)   Fax (415) 439-1500
chris.ilardi@kirkland.com
KIRKLAND & ELLIS LLP                              *Attorneys for Plaintiff*
601 Lexington Avenue                              *Bristol-Myers Squibb Company*
New York, NY 10022
Tel. (212) 446-4679